BRENT *et al.*, Plaintiffs in Error, v. COBB & WIFE, Defendants
in Error.

1. A. B., in the presence of his niece, a young lady living with her mother
   and attending school, requested a merchant to furnish goods to her and
   charge the same to him.  *Held*, that goods purchased by her before the
   countermanding of the order were purchased upon the credit of the uncle
   and not of the niece; that she would not be rendered liable therefor by rea-
   son of a revocation or countermand not communicated to her and of which
   she had no knowledge.

*Error  to  Cooper  Court  of  Common  Pleas.*

This was an action for goods alleged to have been sold
and delivered to the defendant, Mary Beatty.  During the

Brent v. Cobb.

pendency of the suit, the defendant intermarried with John Cobb, who was thereupon made a party to the suit.

The court, at the instance of defendants and against the objection of plaintiff, instructed the jury as follows: " 1. If the jury believe from the evidence that the goods purchased by defendant were bought upon the credit of William L. White and by his consent, then the jury must find for the defendants.    2. No arrangement made between plaintiff and William L. White subsequent to the purchase of the goods can affect the rights of defendant or render her responsible for the same, unless she had notice of such arrangement and was a party to the same; and the jury are instructed that there is no evidence in this case of defendant's having had any such notice."    The court also, at the instance of the defendants, gave the following instruction : " 3. The pleadings admit an indebtedness from defendant to plaintiffs of seven dollars and twenty-five cents."

The court refused the following instructions asked by plaintiffs : " 1. If the jury believe from the evidence that the goods embraced in the account mentioned in the petition were sold and delivered by the plaintiffs at and for the prices therein mentioned, to Mrs. Mary Cobb, then the jury must find their verdict for the plaintiff and they may allow interest thereon. 2. Although the jury may believe from the evidence that William L. White authorized Mary Cobb to purchase of plaintiffs goods, wares, &c., and have the same charged to him, he (White) had the right to revoke said authority at any time ; and if there was a revocation any goods purchased thereafter did not bind White.    3. If the jury believe from the evidence that the goods in question were purchased and credited to White as the agent of Mary Coob, and they further find, from the mutual transactions of the said Mary Cobb and William L. White, that she was the real purchaser, then she is responsible therefor and they must find for the plaintiffs. 4. If the jury find from the evidence that White was the agent of Mrs. Cobb in the purchase of the goods in controversy, and the same was not known to plaintiffs in this suit at the time

the credit was given, they had in law the right afterwards to credit and charge the same to Mrs. Cobb, and to make a charge or transfer on their books for such purpose."

The jury found a verdict in behalf of plaintiffs for $7.25.

*Draffin*, for plaintiffs in error.

I. The goods in question were, in judgment of law, sold to defendant Mary Cobb. Even if part of the goods were in the first instance charged to White, yet if in point of fact the defendant made the purchase and received the benefit, she was liable as the real party to the contract.

*Stephens & Vest*, for defendants in error.

I. The goods were sold to Mary Beatty on the credit of White; she is not responsible therefor. If plaintiffs permitted the defendant to continue the purchase of goods under the belief that it was upon White's credit, without informing her that White had revoked her authority so to purchase, then she is not responsible to them for any of said goods. (Story on Agency, p. 320 and cases cited; Smith on Contracts, 378 and notes.)

NAPTON, Judge, delivered the opinion of the court.

Under the circumstances of this case, we are satisfied that the verdict of the jury was right, and found under a correct exposition of the law by the court.

The defendant was a young lady attending school in Boonville, and, at the request of her uncle, W. L. White—made in the presence of the merchant, about the time she commenced going to the school—she contracted an account for goods amounting to $168, beginning in May, 1853, and extending down to December, 1854. The plaintiffs were directed by White, in the presence of the defendant, to charge such goods as defendant might purchase to him, and they were so charged until the 21st of September, 1854. About this time White countermanded the order and directed the plaintiffs to charge defendant's account to her and said he would no longer be

responsible therefor. This revocation was not communicated to defendant by the plaintiffs, nor is there any evidence that she had any information of this change of intention on the part of White, or change of credit on the part of plaintiffs. White lived at the house of defendant's mother.

The instructions asked by the plaintiffs are undoubtedly the law, but inapplicable to the facts of this case. Where a young lady attending school, by the express authority of her uncle communicated to her in the presence of the merchant, makes a bill of goods which upon its face is clearly within the authority both as to the amount and the character of goods furnished, a court is well warranted in holding that she is not responsible for the goods, and the circumstance that a private direction is subsequently given to the merchant to treat the account as the individual account of the lady can not and ought not to affect her responsibility. A young lady might feel no hesitation in contracting an account under such circumstances, when at the same time, without such authority, a commendable sense of propriety would have prompted her carefully to abstain from subjecting herself to any such personal pecuniary responsibility. It was the duty of the vendor to have apprised her of the revocation of authority, if his intention was to hold her responsible for subsequent dealings. Besides, in this case, the defendant was living with her mother, and, in the absence of any express authority or peculiar circumstances, the presumption might reasonably be indulged that the seller looked either to the uncle or mother. The jury in this case found that the credit was given to the uncle. Judgment affirmed; the other judges concur.